UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                 Case No. 16-20681
                                           Honorable Victoria A. Roberts

v.

DONTA KWAME STEWART,

    Defendant.

_____/

### ORDER OVERRULING DEFENDANT'S OBJECTIONS [Doc. 26] AND UPHOLDING THE MAGISTRATE JUDGE'S OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY [Doc. 25]

Defendant Donta Kwame Stewart filed a motion to compel discovery of "potentially exculpatory evidence within the disciplinary files of the police officers involved in this case before his plea cutoff." [Doc. 19]. The Court referred the matter to Magistrate Judge Mona K. Majzoub, who entered an opinion and order DENYING Stewart's motion. [Doc. 25]. Stewart objects to the Magistrate Judge's order. [Doc. 26]. His objections are before the Court.

When reviewing objections to a magistrate judge's order on a pretrial, non-dispositive matter, the Court must modify or set aside any part of the decision that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). The "clearly erroneous" standard applies only to the magistrate judge's factual findings; her legal conclusions are reviewed under the "contrary to law" standard. *Visteon Global Techs. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (citations omitted). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court . .

. is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.*, 470 U.S. 564, 573-74 (1985).  "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 WL 3111947, at *2 (E.D. Mich. July 26, 2011) (citation omitted).  The Court must use independent judgment when reviewing a Magistrate Judge's legal conclusions.  *Id.*

In his objections, Stewart says: (1) "the requested evidence is not mere impeachment evidence" but is exculpatory evidence, "because it may directly negate [his] guilt" [Doc. 26, PgID 81]; (2) the government should be required to conduct an initial review of the police officer's internal records for exculpatory evidence; (3) the Magistrate Judge did not address his argument that recent Supreme Court precedent calls into question *United States v. Ruiz*; and (4) "even if the Constitution does not require the government to disclose the information [he] requests, this Court [should use its] 'broad discretion in regulating discovery' . . . to grant [his] discovery request" [*id.*, PgID 85].

The Court carefully and thoroughly reviewed the record and the case law cited in the parties' briefs and the Magistrate Judge's opinion and order.  The Magistrate Judge's decision is neither clearly erroneous nor contrary to law.  Her decision is well-reasoned and supported by the cited authority, including *United States v. Crayton*, 357 F.3d 560, 569 (6th Cir. 2004) ("so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the

2

Constitution is violated") (quoting *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988)).

Moreover, the Court finds Magistrate Judge Majzoub appropriately decided not to exercise the Court's discretion and require the government to produce pre-plea discovery of the impeachment evidence Stewart seeks. In arguing that this case justifies pre-plea discovery, Stewart relies on: (1) the fact that one of the officers involved in his arrest has had several 42 U.S.C. § 1983 excessive force actions brought against him; and (2) newspaper articles documenting instances in which *other* Detroit police officers falsified reports. As the Magistrate Judge correctly found, the newspaper articles are irrelevant because they concern officers not involved with Stewart's arrest, and the existence of the excessive force lawsuits against the one officer does not suggest that his disciplinary file might contain information which tends to show that he is lying about the recovery of the handgun that Stewart allegedly possessed in this case. Although the government's case turns on the testimony (and credibility) of three officers, Stewart fails to demonstrate extraordinary circumstances warranting pre-plea discovery.

The Court **OVERRULES** Stewart's objections [Doc. 26] and **UPHOLDS** the Magistrate Judge's opinion and order [Doc. 25].

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 5, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 5, 2017.

s/Linda Vertriest
Deputy Clerk

4